IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00994-LTB

MIKEAL GLENN STINE,

    Plaintiff,

v.

MR. S. M. KUTA, ADX,
MR. P. KLEIN, Captain ADX,
LT. GIACONI, SHU Supervisor ADX,
LT. ALVAREZ, ADX,
MR. M. ANDREIS, Health Serv. Provider,
MR. D. PARRY, Corr. Officer, ADX,
MR. T. GARDINER, Corr. Officer ADX, and
JOHN DOE DEFENDANTS, (Unknown at this Time),

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the Motion to Reconsider that Plaintiff Mikeal Glenn Stine, a *pro se* prisoner litigant, filed on June 19, 2013.  Mr. Stine is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado.  Mr. Stine seeks reconsideration of the Court's Denial of Request entered on April 23, 2013.  The Court must construe the Motion liberally because Mr. Stine is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Because the Motion to Reconsider was filed more than twenty-eight days after the denial of his request to proceed was entered, the Court will consider the Motion pursuant to Rule 60(b)  *See Van Skiver*, 952 F.2d at 1243.

Mr. Stine claims that he does not have access to the information he is required to provide as part of the filing restrictions he is subject to under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 at 30-32 (D. Colo. Sept. 1, 2009). It is not the responsibility of the Court to assist Mr. Stine in complying with his filing restrictions. Nonetheless, Mr. Stine asserts that he now has obtained the necessary information through an investigative service in Kansas. As for Mr. Stine's claim that someone is fraudulently using his name and filing actions in courts throughout the United States, the claim is conclusory and vague.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the Motion and the entire file, the Court finds that Mr. Stine fails to demonstrate some reason why the Court should reconsider and vacate the April 23, 2013 Denial of Request. If Mr. Stine believes he now has all the required information to comply with his filing restrictions he may do so by filing a new request. Accordingly, it is

ORDERED that Mr. Stine's Motion to Reconsider, ECF No. 9, filed on June 19, 2013, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this  28th  day of      June        , 2013.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court